Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000200
29-SEP-2017
01:50 PM

NO. CAAP-16-0000200

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAROLYN UYEDA and JAY UYEDA, Petitioners-Appellees, v.
EVAN SCHERMER, Respondent-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CASE NO. 3SS 15-1-153K)

SUMMARY DISPOSITION ORDER
(By: Fujise and Leonard, JJ.,
with Nakamura, C.J., dissenting)

Respondent-Appellant Evan Schermer (Schermer) appeals from the February 25, 2016 Judgment entered by the District Court of the Third Circuit, North and South Kona Division[1] (District Court), in favor of Petitioners-Appellees Carolyn Uyeda (Carolyn) and Jay Uyeda (Jay) (collectively, the Uyedas).

On appeal, Schermer argues that the District Court erred in granting the Uyedas' motion for summary judgment (MSJ); erred in denying his MSJ (1) based on Schermer's breach of the parties' confidential Mutual Settlement and Release Agreement (Settlement Agreement), which impermissibly allowed the Uyedas to bypass the requirements of Hawaii Revised Statutes (HRS) § 604-10.5 (2016),[2] and (2) based on HRS § 604-10.5 where there was

---

[1]    The Honorable Margaret K. Masunaga presided.

[2]    HRS § 604-10.5, Power to enjoin and temporarily restrain harassment, provides, in relevant part:

(continued...)

insufficient evidence that Schermer committed harassment; and abused its discretion by denying his motion for new trial because the District Court considered (1) testimony presented in Civil No. 3RC15-1-639K (Case 639) despite ruling the same was irrelevant, and (2) the allegations in dismissed case Civil No. 3SS14-1-134K (Case 134).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Schermer's points of error as follows:

---

[2](...continued)

"Harassment" means:

. . . .

(2) An intentional or knowing course of conduct directed at an individual that seriously alarms or disturbs consistently or continually bothers the individual and serves no legitimate purpose; provided that such course of conduct would cause a reasonable person to suffer emotional distress.

(b) The district courts shall have the power to enjoin, prohibit, or temporarily restrain harassment.

(c) Any person who has been subjected to harassment may petition the district court . . . for . . . an injunction from further harassment.

(d) A petition for relief from harassment shall be in writing and shall allege that a past act or acts of harassment may have occurred or that threats of harassment make it probable that acts of harassment may be imminent; and shall be accompanied by an affidavit made under oath or statement made under penalty of perjury stating the specific facts and circumstances for which relief is sought.

. . . .

(g) . . . .

The parties named in the petition may file or give oral responses explaining, excusing, justifying, or denying the alleged act or acts of harassment. The court shall receive all evidence that is relevant at the hearing and may make independent inquiry.

If the court finds by clear and convincing evidence that harassment as defined in paragraph . . . (2) of that definition exists, it shall enjoin for no more than three years further harassment of the petitioner, provided that this paragraph shall not prohibit the court from issuing other injunctions against the named parties even if the time to which the injunction apples exceeds a total of three years.

Schermer argues that Finding of Fact (FOF) 3,[3] in the District Court's "Findings of Fact, Conclusions of Law and Order Granting [the Uyedas' MSJ]," entered in the instant case, is clearly erroneous because it reflects that the District Court improperly judicially noticed evidence filed in separate cases.

Schermer contests the District Court's decision to judicially notice the "parties, pleadings, and holdings" in Case 134 to the extent it indicates that the court based its Judgment in the instant case on allegations against Schermer underlying the petition in Case 134.[4] Any error on the part of the District Court in this regard is harmless because (1) while the court did take judicial notice of the parties pleadings and holdings, Schermer has not identified how he was prejudiced by the court's taking notice of the parties and pleadings in that case, and there were no "holdings" as Case 134 was dismissed with prejudice and (2) as we state below, we hold there was sufficient evidence from other sources to support the Judgment in this case.

Schermer also contests the District Court's taking judicial notice of its findings of fact and the parties' testimony in Case 639, a separate case involving the same parties, in which the Uyedas prevailed on their breach-of-contract claim for damages against Schermer for his violation of the private Settlement Agreement. Schermer appears to be challenging only the District Court's taking notice of the mixed finding of fact and conclusion of law contained in finding of

---

[3]     FOF 3 provides:

The Court has reviewed, and pursuant to Rule 201 of the Hawaii Rule of Evidence, has taken judicial notice of the parties, pleadings and holdings in [Case 134] and [Case 639], along with the testimony introduced at the trial of [Case 639] and the content of [the Settlement Agreement] . . . filed with the Petition in this case.

[4]     It is undisputed that in Case 134, the Uyedas filed a petition for ex parte temporary restraining order and for injunction against harassment, against Schermer which was dismissed with prejudice after the parties entered into the Settlement Agreement. The Settlement Agreement was never filed in Case 134, but was filed, under seal, in this case as an exhibit to the Petition.

fact paragraph 3 in Case 639[5] that Schermer breached the Settlement Agreement by placing the West Hawaii Today advertisements and sending Facebook messages to Carolyn and her brother-in-law Flavio Nucci (Nucci). The District Court's conclusion there, that Schermer breached the Settlement Agreement, was a proper subject of judicial notice here.[6] See Rule 201(b) and (d) of the Hawai'i Rules of Evidence ("Judicial notice"); State v. Akana, 68 Haw. 164, 165, 706 P.2d 1300, 1302 (1985) (trial court may take judicial notice of its own records in interrelated proceeding with same parties); Fujii v. Osborne, 67 Haw. 322, 329, 667 P.2d 1333, 1338 (1984) (court may take judicial notice of findings of fact issued in separate case); State v. Kotis, 91 Hawai'i 319, 984 P.2d 78 (1999) (finding in separate case may be judicially noticed for its truth if it finally resolves an issue, which the parties are collaterally estopped from relitigating).

As to Carolyn, the District Court did not err by granting the Uyedas' MSJ and denying Schermer's MSJ. The following is undisputed. In the Settlement Agreement, the parties agreed to cease contacting each other, directly or indirectly, "in any fashion or manner whatsoever." Schermer nevertheless indirectly contacted Carolyn through the Happy Birthday ad, on August 7-9, 2015, and directly contacted her through Facebook on October 4, 2015, and later indirectly

---

[5]     Finding of Fact 3 read,

> The Court finds that [Schermer] has breached the Settlement Agreement by: (1) indirect contact with the [Uyedas] by placing an advertisement in the *West Hawaii Today* newspaper on August 7, 8 and 9, 2015, containing the picture of [Carolyn] with the caption "Happy Birthday Carolyn!!! Wishing you a great day!!!; (2) direct contact with [the Uyedas] by sending two (2) Facebook messages to [Carolyn] on October 4, 2015, one at 1:45 a.m. (HST) and one at 2:25 a.m. (HST); and (3) communication by [Schermer] with a third-party, Flavio Nucci, through a Facebook message on November 2, 2015.

Plaintiffs Carolyn Uyeda and Jay Uyeda's Findings of Fact and Conclusions of Law, and Judgment in Favor of Plaintiffs Carolyn Uyeda and Jay Uyeda and Against Defendant Evan Schermer on the Complaint filed October 27, 2015, contained in CAAP-16-0000-79 doc. 1 at 7-8, of which we take judicial notice.

[6]     Moreover, Schermer concedes that he would be collaterally estopped from "relitigating the facts or issues in [Case 639]" and in any event, does not dispute that he did violate the Settlement Agreement.

communicated with her through another Facebook message to Nucci on November 2, 2015, for the purpose of reconnecting with her.

The Uyedas submitted authenticated copies of the foregoing communications to the District Court in this case. In his Facebook messages, Schermer stated, "I would do anything to be close to you again" and "Miss you so much. I wake up every night thinking you are there. And my dreams never come true. I'll never give up." In the November 2, 2015 Facebook message Schermer sent to Nucci, he ended by saying, "I love Carolyn and the girls. We need a meeting. This is not going away by ignoring me. We all have to talk."

Based on the foregoing evidence alone, there was no genuine issue as to whether Schermer intentionally and knowingly engaged in a course of conduct directed at Carolyn for an illegitimate purpose and, as a result, a reasonable person in Carolyn's position would have been consistently disturbed or continually bothered and emotionally distressed. See Luat v. Cacho, 92 Hawai'i 330, 345, 991 P.2d 840, 855 (App. 1999) (the "reasonable person" standard is objective). Therefore, FOF 2 is not clearly erroneous. Consequently, Conclusion of Law 1 is not wrong as to Carolyn.

However, the District Court erred by denying Schermer's MSJ and granting the Uyedas' MSJ as to Jay, because there was a genuine issue as to whether Schermer harassed Jay, as defined in HRS § 604-10.5. The Happy Birthday ad and Facebook messages were not "directed at" Jay. See HRS § 604-10.5(a). The Facebook message Schermer sent to Nucci, apparently in an attempt to persuade the Uyedas to withdraw the instant Petition, was arguably also directed at Jay and a reasonable person in Jay's position may have been distressed by it. However, the message was a single act and, thus, could not constitute a "course of conduct." See Duarte v. Young, 134 Hawai'i 459, 464, 342 P.3d 878, 883 (App. 2014) ("a single act--even if it disturbs, alarms, bothers, or intimidates an individual--does not constitute a series of acts so as to meet the definition of 'course of

conduct.'"). Thus, Conclusion of Law 1 is wrong and FOF 4 is clearly erroneous as to Jay.[7]

Therefore, IT IS HEREBY ORDERED that the February 25, 2016 Judgment, and the Injunction Against Harassment dated January 19, 2016 entered by the District Court of the Third Circuit, North and South Kona Division, are vacated as to Jay. We remand for the entry of an amended judgment and injunction consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, September 29, 2017.

On the briefs:

Todd Eddins
for Respondent-Appellant.

Associate Judge

Lisa Strandtman
(Rush Moore)
for Petitioners-Appellees.

Associate Judge

---

[7] Although not raised on appeal, we note that the January 19, 2016 Injunction covered the Uyedas' children as well. Because there was no evidence of harassment directed at these children, it was also error for the District Court to include them in the Injunction.